To the Honourable Col. Robert Daniel Esq. Deputy Governour and to the rest of the true and absolute Lords and Proprietors Deputies now sitting in Chancery.
*151 Humbly Complaining Sheweth unto your Honours Your Orator and Oratrix Evan Lewis of the Parish of Christchurch on Wandoe Neck in Berkley County Planter and Sarah his Wife only Surviveing Daughter and Heir at Law of James Allen late of Christ Church parish aforesaid deceased That your Oratrix’s Father the said James Allen was in his his life time and at the Time of his Death Seized in Fee Simple or of Some other Good Estate of Inheritance of and in a certain Plantation or Tract of Land containing by Estimation One Hundred and Five Acres Scituate lyeing and being in Christ Church parish aforesaid on a Neck of Land called Bermudas Town [48] with a good Dwelling House and appurtenances Thereon And your Orator and Oratrix further Shew unto your Honours That The said James Allen deceased was also in his Life time and at the Time of his Death possessed of and Interested in a considerable personal Estate consisting of N egro Slaves Cattle Household Goods etca. And being thereof So Seized and possessed departed This Life on or about the Month of February one Thousand Seven Hundred and four But before his Death duely Made and published his last will and Testament in Writing in the presence of Three Credible Witnesses bearing date The Eighth of the said Month of February One Thousand Seven Hundred and Four and thereby amongst other things did Give and Bequeath unto his Son John (who departed this Life about four Years Since an Infant of about the Age of Seven or Eight Years) One Negro Man named Sam And to his Daughter Mary (who departed This Life about five or Six Years agoe an Infant of about the Age of Eleven or Twelve Years) one Negroe Woman Named Hester And to your Oratrix Sarah one'Negroe Girl by Name Rachell And Willed That all the rest and residue of his personal Estate should be Equally divided between his said Children And your Orator and Oratrix further Shew That the said James Allen deceased did likewise Give and Bequeath unto his Wife Mary Allen Your Oratrix’s Mother by his last Will in these words Item I Give and Bequeath all my Estate To my beloved Wife Mary Allen To be and remain in her possession and Occupation Till my said Children come to the Age of Twenty One Years or are Marryed And Constituted and Appointed Mr. John White and Jonathan Milner Joynt Executors of his said last Will who afterwards duely proved The Same as and by the Said last Will remaining of record in the Secretarys Office of this Province and the Probat Thereof relation thereunto being had may more fully and at large Appear And your Orator further Sheweth unto Your honours That on or about the Month of April last he Intermarried with Sarah the only Surviving Child and heir of her said Father The said James Allein and humbly Conceives and is Advised That he is thereby become Intituled in right of his said Wife as well To the real as the personal Estate of the said James Allen deceased And Your Orator and Oratrix likewise further shew unto your *152 Honours That the said Mary Allen Your Oratrix’s said Mother imediately after the decease of the said James Allen by and with the Consent of the said Executors as your Orator is informed Took into her Custody possession and Management All the said real and personal Estate of the said James Allen deceased And that about Fifteen or Eighteen Months after the Death of the Said James Allen Your Oratrixes Said Mother Intermarryed With one John Sauseau of Christ Church Parish aforesaid Planter who ever Since his Intermarriage with the said Mary hath had the whole Management of the said real and personal Estate and made great profit and Gains as well by the work as the hireing out of the said Negroes And your Orator and Oratrix further charge that at the time of the said Testator James Allens death there was a considable quantity of Lightwood on the said plantation or Tract of One hundred and five Acres of Land gathered Together in heaps by the said James Allen in his lifetime which the said John Sauseau Some Short time after his Intermarriage with the said Mary run off a Tarr Kiln of fifty or Sixty Barrells of Tarr as your Orators are Informed And the said Sauseau has also cut down Several valuable Timber Trees as white Oak etca. and Sold and disposed of the Same to Captain Benjamin Quelch lately deceased and others for building of Shipping etca. as your Orators are likewise informed and made other Considerable profits and Gains out of the said real Estate And Your Orator and Oratrix Further Shew unto your Honours That since the Death of the Said Testator James Allen as they are informed there has been a considerable Increase of the said Negroes To the Number of four or five Children or Thereabouts Some whereof as your Orators are informed are about Ten or Twelve Years of Age And Your Orators further Shew that Several Articles of the personal Estate mentioned in the Inventory of the said Testators Estate as they conceive were valued at too low a price by the Appraisers whose Names are thereunto Subscribed and diverse other things were Omitted to be putt into the said Inventory particularly a horse which was Sold by the said Mary Allen dureing her widowhood to one of the Executors to witt to the said John White for Nine pounds But now So it is may it please your Honours That the said John Sauseau and Mary his wife combining and confederating with diverse other persons Unknown to your Orators who when discovered Your Orators pray may be made partyes to this their Bill doe give out in Speeches That the said James Allen dyed considerably in Debt and that they have paid and Discharged those Debts by and out of the personal Estate of the said James Allen Whereas your Orators are well Informed and Assured That the said Testator James Allen at the time of his Death did not owe the Sume of Twenty Pounds and at other times pretend That they the said Sauseau and Mary his wife have been at great Charge and Expences in bringing up maintaining and Educating the said Children of the said James Allen and finding ’em Cloaths Apparell etca. Whereas your Orators Charge That there was very little difference or distinction made between the said’Children of the said James Allen and the Negroes either as to their Ap- *153 parell manner of Living or Education for That your Oratrix or the rest of the Children were never Taught to Write Read Work plain Work or any other School Work or Learning And as to their Cloathing wore nothing but Negroe Cloathing Wollen Cotton or the like Save That about a Year agoe the said Sauseou bought an Ordinary Suit of Callicoe and another of Stuff for your Oratrix and your Orator further Chargeth That the said Mary the Mother some time after her Intermarriage with the said Sauseou in the presence of some of her Neighbours did Alleadge that the said Sauseou her Husband being in Debt she could not afford to provide Linens for her Children but made use of some Sheeting left by her late Husband for Linnen for the said Children from whence your Orator doth Infer That the said Children were but very poorly and indifferently provided as to their Apparell and That such Charge must needs amount but to a very Small matter and That The said Sauseou ought not to bring in any Charge at all against ’em from the time they were capable of doeing any thing for they your Oratrix’s Business was mostly to tend and look after the said Sauseaus Children in the nature of a Servant from the time she was Seven or Eight years of Age But the said Sauseau doth demand from your Orator the Sume of Five Hundred pounds for Charges upon the said real and personal Estate without giving your Orator any particular Account of such Charges tho’ your Orator hath demanded the Same and under Colour of such imaginary Charges the said John Sauseau and Mary his Wife refuse to render your Orator any manner of Account of the Proffits they have made by and out of the said real and personal Estate or of the Increase of the Same either of Cattle or Negroes and the said Sauseau or Mary his Wife doe likewise detain in their hands all the Title Deeds belonging to the said real Estate of the said James Allen soe that your Orators cannot bring any Ejectment at Law for the Recovery of the Same and doth Insist that he will keep and detaine in his hands the said Deeds and all the real and Personal Estate late belonging to the Testator James Allen deceased and now belonging to your Orator in right of his said Wife and give your Orator noe Account thereof till your Orator payes him the said Sume of Five hundred Pounds Whereas your Orator chargeth That the profits received by the said Sauseau out of the real and personal Estate late belonging to the said James Allen will over ballance any Accounts that the said Sauseau can bring in against your Orator by a considerable deal all which actings and doeings of the said John Sauseau and Mary his Wife are contrary to all Equity and good Conscience To the end therefore that the said John Sauseau and Mary his Wife as alsoe Jonathan Milner the Surviving Executor of the said James Allen may upon their Corporal oath to be taken on the Holy Evangelists Sett forth and discover the truth of all and Singular the premisses and more particularly whether the said James Allen did not dye Seized and possessed of such real and personal Estate what part and how much thereof came to their or either or any of their hands or what other real or personal Estate did the said James Allen die possessed of as they know or beleive *154 or have heard And what Number of Acres doth Such real Estate consist of, where doth the same lye Together with the Buttings and boundings of the Same who now has or late had the Custody or Keeping of the Title Deeds belonging to Such Real Estate and when they or either of them last saw the same And what Profits and Gains they the said John Sauseau or Mary his Wife have made by and out of the same since the decease of the said James Allen what Stock of Cattle and alsoe what Number of Negroes their Names and Increase are now in their hands Custody Power or possession late belonging to the Estate of the said James Allen or borne since his decease what Debts they have received or paid due and Owing to and from the said Testator James Allen And that the said John Sauseau may alsoe give into this Honourable Court a particular Account or Charge and not an Account in Grosse of what Charges he has to make on the Estate of the said James Allen deceased or for the Main-tainance of the Children of the said James Allen with good and Sufficient Vouchers to prove all and every Such particular Articles payments and dis-burstments And that the said John Seauseau may be compelled forthwith to deliver up unto your Orator all the Title Deeds belonging to the Real Estate of the said James Allen deceased, according to the true Intention and meaning of his said last Will who willed that the said Mary his Wife should only have the Possession and Occupation of the Same untill his said Children should attain their Age of Twenty one Years or Marriage and the rather for that the said Real Estate of the said James Allen is no wise Subject to any Demands of the said John Sauseau and Mary his Wife Save her Right of Dower in the premisses for which she may bring her Writt at the Common Law or consent to have the third Valued and your Orator will pay down the Value of the Same And that the said John Sauseau may forthwith come to a Just and fair Account with your Orator touching all and Singular the Premisses and be Compelled to Exhibit into this Honourable Court a true and perfect Inventory of the personal Estate of the said James Allen deceased and alsoe to deliver up unto your Orator all Such part of the personal Estate late of the said James Allen deceased as Shall appear To belong to your Orator in Right of his said Wife either given or Devised to her by the Will of the said James Allen her Father or Since accrewing to her by the Death of the said John and Mary her Brother and Sister. May It Please your Honours to grant unto your said Orator and Oratrix the Writt of Subpena to be directed to the said Jonathan Milner the Surviving Executor of the said last Will and Testament of the said James Allen and alsoe to the said John Sauseau and Mary his Wife requiring them and every of them at a Certain Day and under a certain paine therein to be limited personally to be and appear before your Honours in this Honourable Court then and there true plain distinct and perfect Answer on their Corporal Oaths to make to all and Singular the matters aforesaid as if the Same were herein over again more particularly repeated and Interrogated And alsoe the Writt of Duces Tecum requiring them to bring into this Court all such *155 Deeds Writings and Evidences as belong to the Real Estate of the said James Allen deceased and to Stand to and abide Such further Order and Award as to your Honours shall Seem meet. And your Orator and Oratrix will ever pray etca.

In Canc. filed October the Ninth 1716]

Allein
The joint and Severall Answers of John Sauseau and Mary his wife two of the Defendants to the Bill of Complaint of Evan Lewis and Sarah his wife Complainants.
These Defendants now and at all times hereafter saveing and reserveing to themselves all and all manner of benefitt of Exception to the manifold Errors untruths incertainties and Imperfections in the Complainants said bill of Complaint contained But for answer thereto or as much thereof as they are advised is needfull or necessary for them to Answer unto Say that the Complainant Sarah is Surviveing daughter of James Allen deceased in the bill named former husband of the Defendant Mary But that the said James Allen was in his life time or at the time of his death was seized of any such Estate of One hundred and five acres of land in the parish of Christchurch or elsewhere in Carolina know not or that he was at his death seized or possessed of any considerable personall Estate but what was duely appraised amounting in the whole to One hundred and fifty pounds twelve shillings and according to the plaintiffs demands of a negro with what was paid for funerall Expenses and debts paid for the Said James Allen as in the Inventory annext mentioned Amounting to forty nine pounds Eighteen shillings the Inventory of the whole personall Estate which came to Defendants hands which Defendant demands a deduction for it then will appear to be but One hundred pounds fourteen shillings and three halfe pence and the Defendant Mary left with three Children the Eldest but three years old and not five shillings in money left to Mainteine them But owne the said James Allen dyed possessed of twenty five acres of poor Sandy land and an uninhabitable house on it which these Defendants cannot lett at five shillings a year and beleive the said James Allen dyed about the time in the bill mentioned and beleive in his will did bequeath the legacies in the bill mentioned and to the plaintiff Sarah the Negro Girl Rachell which at the time of his decease he had noe right or title to being left by the will of James Allen Sen. the plaintiffs father to an other brother Thomas Allen now liveing of whome the Defendant John Sauseau since bought the same as by the will of the said James Allen Sen. relation being thereunto had will Appear and the Testator under whome plaintiffs Claime did leave all his said Estate to Defendant Mary untill the Children came of age or were married and constituted the Executors in the bill named and beleive the Said Will was duely proved and alsoe beleive that the plaintiff Evan did about the time in the bill mentioned intermarry with the Complainant Sarah to the Defendants Sorrow he abuseing her Confesse that the Defendant Mary did take possession of *156 both reall and personall Estate of her said husband soon after his decease and tooke the personall Estate as vallued by the Appraisers the Interest thereof not being Suffitient to make provision for her and three Children without industry and about ten months after intermarried with the other Defendant John Sauseau not being able to provide Sustainance for her Self and Cloaths for her family and that most part of their Support the said other Defendant John brought with him and laboured for, otherwise they must have been in bad circumstance for what the said James Allen left was not Suffitient to defray the same by one third part as appeares by the Inventory Annext which they pray may be taken as part of their Answer And they both utterly deny there was any pickt lightwood on the Said imaginary Estate of One hundred and five acres or the twenty five acres they possessed at any time to the Defendants knowledge But say that after the Defendant Sauseau haveing Occasion for some lightwood to make up his number at a Tarr kilne which he had at an other plantation did pick up as many sticks on the said Twenty five acres as made four barrells or thereabouts and noe more and the Defendant John Sauseau endeavouring to clear some land to see if he could make any profitt of the aforementioned twenty five acres did cutt downe severall trees to clear and Fence in some land to plant and there being amongst them three Oakes and Capt. Quelsh in the bill named seeing them Said it was a pitty to Splitt them for Fenceing and that he would give him Twenty shillings for them this Defendant lett him have them and made noe other profitt of the said reall Estate that would pay for his labour it being Soe barren that he was forc’t to remove from it Confesse there has been an Increase of four Negro Children since the death of the Said James Allen and Since these Defendants Accepted of the Estate at the price appraised is not Accountable vizt at two boys and two Girls the Eldest not above Eleaven'yeares old now which are the Defendants she haveing doubly and tribly paid for them and that They are advised noe way belong to plaintiffs and the Defendants not obliged to satisfy plaintiffs in that point nor worth the charge of rearing and the loss of their mothers time in breeding them up and their Sicknesse but to Satisfy the Court have set all matters forth in the Inventory annext to show the unreasonableness of Complainants demands, and as to the Inventory of said James Allens Estate being Vallued too low these Defendants conceive they have nothing to doe therein it being done by warrent from the Governour of this province but they beleive every thing was fully vallued and as to the horse charged to be Omitted it is the Complainants mistake in not reading the Inventory these Defendants haveing paid for the Same and it was delivered by Defendant Mary to one of the said Allens Executors to defray the funerall Expenses of the said Allens Funerall And these Defendants deny all manner of Combination with any person to defraud plaintiffs and say that the said Allen did dye in debt which this Defendant John Sauseau has been Compelled by law to pay and Confesse they have been at great charge and expense for meat drink ¿loathing etca. ut *157 per Inventar of the Children of the said Allen and the Young Negros upwards of four hundred and Sixty pounds besides her care and paines in looking after them at a Moderate Computation and her Share and right to her said husband Allens Estate which had the Children been to be Supported by what their father left they must have Perished or been kept by the parish long agoe and that the Children went in as good apparrell as their neighbours and that they had as good Education as she could instruct them with there not being left them by their father to buy them bread and Cloathing and they eat and drank as well as these Defendants and Soe did not the Negroes and plaintiff Sarah lived much better then plaintiff Evan now keeps her And Defendant Mary Denyes Defendant Sauseau was in debt when Defendant married him and Say they know not of any title Deeds belonging to the reall Estate of the said James Allen Excepting a platt and grant of Fifty acres whereof the said Twenty five acres is part the other Twenty five Acres being Sold by the Said James Allen in his life time to Thomas Fry deceased for a Young Stone Colt of two year old being poor and barren ground and Crave the direction of this Honourable Court whether she ought to part with such writeing untill she has her dividend of her said husbands Estate And both these Defendants deny that what profitts they have received out of the reall or personall Estate of the said James Allen has paid one halfe of what they have laid out purely to Support her Self and family. Say they know of noe other Estate then the said twenty five acres that he the said James Allen dyed possessed of and the buttings and boundings are on Record in the Secretarys office and that the Said Grant is in Defendants Custody and say all things Acted and done and payments that have been Since the said Allens death are mentioned in the Inventory annext and Defendants doe Say they bought the goods at the Vallue appraised and are not Accountable to any person for their owne labour and improvement of what they bought but that in Stricktnesse the Complainant Evan ought to pay for his wifes dyett and Cloathing Since her fathers death he leaveing her nothing in his disposall the said Rachell not being his as will plainly appear but only left in his Custody dureing the minority of his brother Thomas who Since being of age the Defendants Sauseau bought her of him for thirty five pounds and these Defendants were and now are ready to answer any demands the Complainants have but what they have heitherto made are Vain and frivolous for were there any benefitt to be made of the said Estate and Defendant Mary had not Accepted thereof at the appraisemant by the will it was to be the Defendant Maryes as the plaintiffs set forth in their bill Without that that any other matter or thing matteriall or Effectuall in the Law for these Defendants to make Answer unto and not herein and hereby Confessed or avoided Justifyed or Maintained is true as these Defendants are ready to Averr and prove as this Honourable Court shall direct and humbly hope to be hence dismist with their reasonable costs and charges in this behalfe by them most unjustly and unreasonably Sustained.
Alex: Fornenbergh pro Defendant
*158 John Sauseau and Mary his wife Sworne before me this sixth day of October iyjg Robt. Daniell.
October the [no date]
An extract and true Account of disbursements of John Sauseau and Mary his wife on the Infant Children of James Allen Jun. deceased and the Negroes he left as by the bill required
For Seaven yeares board of Mary Allen his daughter untill her death in the year 1712 at £8 per ann...... 56- : - :
to seaven yeares Cloathing her at £3 per ann..... 21 - : -
for 8 yeares boarding John Allen at ditto...... 64- : -
for his Cloathing 8 yeares at £3 per ann....... 24- : -
for plaintiff Sarahs board 12 yeares at £8 per ann .... 96- : -
to her Cloathing 12 yeares at £3 per ann...... 36- : -
paid burying the Said John and Mary....... 10— : —
307 : 00 : o
An Account of the charge of the Negroes and their Increase
For Eleaven yeares Cloathing and dyett of James at £5 per ann 55- : - :
for g yeares ditto for Robin..........45— : •
for 5 yeares for Amill............25- : - :
for 2 yeares ditto for Susan..........10-:-:
To the midwife 5 times........... 2-10:0
paid for goods Stollen by Sam from Mrs. Bosford . . . 2 - : — :
To Mr. Jno Severance for physick........ 1-10-
paid Mr. Severance for a Negro looking after Sam in the Smallpox............... 3:15-:
to 2 quarts of Rum and 1 lb of Sugar........ 0:53%
to liquor at 5 lyeings in of the Negroes....... 1 : 5
paid Executors proveing the Will........ 1 : 12 : 6
[broken] Sundry [broken]........... 6:8: 4%
£i54 : 16 : 2%
£154 : 16 : 2%
Errors excepted Totall charges £461 : 16: 2%
John Sauseau her
Mary M Sauseau mark
An Account of Debts paid and overcharges on Account of James Allens Estate to be allow’d Defendants
Paid Mr. Medhiott for Rum bought of him by James Allen in his life time for which the Defendant was Arrested and charges as 9 : - : -: by receipt................
*159 paid Dr. Hutchinson as per Receipt.........1-:-:-:
paid Mr. Lausack as per Receipt..........i-:8:o
Rachell vallued as by Computation and appraised in the Estate altho not his...............30 -: - :
The Horse vallued in the Appraisement which went to pay funerall Expences................8 - 10 : -
49 : 18 : o
Totall Inventory 150 : 12 : 1%
above deductions 49 : 18 : 00
£100 : 14 : 1%
The totall remainder of the said James Allens personall Estate Clear was but One hundred pound fourteen shillings and three halfe pence
John Sauseau her
Mary M Sauseau mark
[South Carolina Cur Cane filed the 29th of November 1916 Char: Hart M:C]
The Answer of Jonathan Milner Surviving Executor of the last Will and Testament of James Allen deceased One of the Defendants To the Bill of Complaint of Evan Lewis and Sarah his Wife Complainants.
This Defendant Saveing and reserving to himselfe now and at all times hereafter all and all manner of Advantage and benefit of Exception which may be had and Taken to the Complainants said Bill of Complaint For Answer thereto or to so much thereof as this Defendant is Advised Materially concerns this Defendant to Answer unto This Defendant Answereth and Saith That he Knows that James Allen the Plaintiff Sarahs Father was in his life time and at the time of his Death Seized and possessed of a certain plantation on Wan-doe Neck which after his Death came to the Hands and possession of The other Defendant John Saiseau by his Intermarriage with Mary the Widow of the said James Allen And that said Saiseau made two or three Cropps of Rice and Come etca. off the said Plantation but what Number of Acres the same consits of cannot give any Account Sayes That the said James Allen died about the time in the Bill possessed of Such Three Negroes and other Goods and household Shift as mentioned in the Complainants said Bill of Complaint And that he made Such Will And Died About the Time in the Complainants Bill sett forth and thereby in the first place Did Give and Bequeath Unto his Son John (who departed this Life about Four Years Since An Infant of about Seven or Eight Years Old) one Negroe Man by Name Sam And to his Daughter Mary who as near as he remembers might depart this life about Five or Six Years agoe an Infant of about Eleaven or Twelve Years of Age) one Negro Woman named Hester And to his Daughter Sarah the plaintiff one Negroe *160 Girl named Rachell which Negro Girl named Rachell was in the possession of the said James Allen the Plantiff Sarah’s Father about Four or Five Years before his Death And has been in the Possession of the said John Saiseau and Mary his Wife for about Nine Years till about Two Years agoe he has heard That one Thomas Allen Son of Old James Allen deceased laid claim to the said Negroe And this Defendant further Answering Saith that all the rest of the said James Allens personal Estate was by his said Will to be equally divided between his Children Sayes that by virtue of an other Subsequent Clause in the said Will of the said James Allen in these Words following (I Give and Bequeath All my Estate to my beloved Wife Mary Allen to be and remain in her Possession and Occupation till my said Children come to the Age of One and Twenty Years or are Married) She the said Mary Possessed her Selfe of the said Three Negroes and other Estate of the said James Allen the Plaintiff Sarahs Father But have heard the said Saiseau and his Wife pretend to have taken the Estate of the said James Allen at the Appraisement mentioned in the Inventory of the Estate of the said James the Plaintiffs Father but what colour or Grounds the said John Saiseau has for Soe doeing This Defendant cannot conceive For that neither this Defendant nor the other Executor John White deceased as he knows of ever Sold the Same to the said Saiseau or his Wife at the Appraisement nor Does he Apprehend They or either of them the said Executors had power Soe to doe— For that the said three Negroes Sam Hester and Rachell were expressly given and bequeathed by the said James Allen to his three Children John Mary and Sarah which bequest immediately took place after the Decease of the said James Allen and Each of the said Children became Severally Vested and Interested in the said Three Slaves And that the Subsequent Clause of the Will whereby the said Estate of the said James Allen was to remaine in her possession and Occupation till his Children came to the Age of Twenty one Years or were married could be meant no otherwise then in Trust for his Children and beleives it was the intent of the Testator The said James Allen that his Children should be maintained out of the Profitts of the said Negroes for as much as ’tis certain the said Children had an Imediate Interest in the said Negroes after the Death of their said Father And therefore Conceives the said Saiseau ought to be accountable for the Profits and Increase of said N egroes beleives the said Plaintiff Evan Lewis intermarried with the Plaintiff Sarah his Wife about the time in the Bill and is thereby become Entitled to the whole Estate of the said James Allen Deceased the rest of the said James Allens Children being all Dead Beleives that the Appraisers of the Estate of the said James Allen Deceased being on their Oaths appraised the Same according to the Value for that Negroes Soe long agoe were not of much more Value (considering how the Money then went) than what they were appraised at. Sayes That the Children of the said James Allen were kept very mean and Ordinary as to their apparell Some times having Shooes but most commonly *161 without ’em And have heard That the Plaintiff Mary ever since she came to the Age of Ten Years has been in the nature of a Servant in the house of the said John Saiseau And never has had any Schooling or Education as this Defandent ltnowes of tho the said Saiseaus Wife did promise this Defendant to send the said Children to School Sayes that he this Defendant nor the other Executor as he knows of had any Title Deeds belonging to the Estate of the said James Allen Deceased And that after proving the Will by the said other Executor Mr. John White they Scarce Intermedeled therein the said Saiseaus Wife the Defendant Mary taking possession of the aforesaid real and personal Estate by Virtue of the Clause in the Will before mentioned And further to the Complainants said Bill of Complaint cannot make Answer Without that that any other matter Thing in the Complainants said Bill of Complaint contained Material or Effectual in the Law for this Defendant to make Answer unto and not herein and hereby well and Sufficiently Answered unto Confessed or Avoided Traversed or denyed is true all which matters and things this Defendant is ready to Aver Jus tifie maintain and prove As this Honourable Court shall award And therefore humbly prayes to be hence dismist with his reasonable Costs and Charges in this behalf Sustained.
Richd. Allein
Sworne the 29th day of November Anno Domini 1716 before me Char Hart Magistr. Cancell.
Decree to Set Aside Will of Charles Rede, non compos mentis, Deceased
[South Carolina Ss]
Whereas heretofore That is to Say Sometime in the Month of September last past John Rede Henry Rede and Edward Rede all Sons of Charles Rede heretofore of Lunington in the County of Southampton in the Kingdom of Great Britain Merchant but late of Charles Town in the Province of South Carolina deceased Exhibited their certain Libel or Petition unto the Hon-ourable Robert Daniel Esq. Deputy Governor of the Province of South Carolina aforesaid And to the rest of the true and Absolute Lords and Proprietors Deputyes Sitting in Councill Setting forth That the said Charles Rede their said Father departed this life on or about the Nineteenth Day of September One Thousand Seven Hundred and Sixteen And Sometime before his Death made his last Will and Testament in Writeing Under his Hand and Seal published in the Presence of Four Witnesses Vizt Thomas Grimbal Samuel Jones James Burt and John Jervis But that they were ready to prove as well from the said Will as by divers other Facts and circumstances That their said Father the said Charles Rede at the time of makeing Such his said Will and for Some considerable time before was not Compos Mentis or of Sound and Disposeing *162 Mind and Memory And further Setting forth that no person was distinctly nominated Executor of the said last Will of the said Charles Rede and that the persons To witt Thomas Grimbal and Laurence Dennis on whom the said Testator Seemed to fix the Duty or office of Executors by desireing them to take care of his concerns had Utterly refused to Act or intermeddle therein giveing for reasons that the said Will was so full of Repugnancy es contradictions and Impossibilityes That the said Charles Rede as they conceived could not be in his right Sences at the time of the Making thereof And the said Petitioners and every of them therefore humbly prayed that Summonses might Issue to the said Thomas Grimbal Samuel Jones James Burt and John Jervis the Witnesses to the said Will requireing them to Appear before the said Governor and Council at a certain Day therein to Be limitted in Order to be Examined touching the said premisses and further praying (in case the Allegations of their said Petition Should Appear to be true) That the said Governor and Council would please to Order Adjudge Deem and declare the said last Will and Testament of the said Charles Rede and every matter clause and Thing therein contained to be Null and void to All intents and purposes whatsoever And that Letters of Administration of all and Singular the Goods and Chattells of the said Charles Rede deceased might be granted unto the said John Rede Eldest Son and Heir of his said Father As if the said Charles Rede had dyed intestate As in and by the said Petition or Libell remaining of Record in the Secretaryes Office in this Province relation being thereunto had may more fully and at large Appear Whereupon Summonses being Granted According to the prayer of the said Petition And the Witnesses to the Said Will being duely Served therewith a Day Vizt. the Nineteenth Day of October— In the Third Year of the Reign of his now Majestye King George was by the said Governor and Council Appointed for hearing the Matters aforesaid on which Day the same comeing accordingly to be heard before the Honourable Robert Daniel Esquire Deputy Governor Charles Hart Nicholas Trott George Logan and Francis Young Esquires the rest of the true and Absolute Lords and Proprietors Deputyes in the presence of Council learned the Substance of the said Petition Appeared to be as herein before is recited Whereupon and upon debating the Matters aforesaid and hearing Council and Three of the Witnesses to the Said Will To Witt Samuel Jones James Burt and John Jervis Appearing and being duely Examined touching the said premisses And all and every the Allegations of the said Petition being well and Sufficiently proved and Appearing to be true As therein is Settforth The said Governor and Council think fitt and to order Adjudge Sentence and Decree That the said Last Will and Testament [Remainder lost].

 Bermuda Town, apparently one of the very early “towns” in which original instructions from the proprietors required the colonists to settle, is now a small plantation in Christ Church Parish. See SCHGM, XIV, 136.